SINCLAIR OIL CORPORATION,
a Wyoming corporation,
Plaintiff,

v.

TEXACO, INC., a Delaware corporation,
Defendant.

No. 01–CV–642–P(J).

United States District Court,
N.D. Oklahoma.

May 15, 2002.

Susan L Gates, Heather L Cupp, Hall, Estill, Hardwick, Gable, Golden & Nelson, Tulsa, OK, for plaintiff.

Gary W Davis, Stephen L DeGiusti, Crowe & Dunlevy, Oklahoma City, OK, Jennifer Ann Blankenship, Crowe & Dunlevy, Tulsa, OK, for defendant.

### ORDER

JOYNER, United States Magistrate Judge.

Currently before the Court for consideration is the Motion to Compel Production of Documents from the Plaintiff filed by Defendant, Texaco, Inc. Defendant asserts that Plaintiff should be ordered to produce documents which Plaintiff claims are protected by the attorney client or the attorney work product privilege. Defendant claims that the documents should be produced because Plaintiff has waived the applicable privileges or because Plaintiff has placed the documents "at issue" in the litigation.

The Court has considered the briefs presented by the parties, the relevant case law, and the arguments of the parties. Defendant's Motion to Compel is hereby **GRANTED**. [Docket No. 15–1]. The Court finds that Plaintiff has waived the attorney client privilege and work product doctrine with regard documents and communications in the prior state court litigation. The Court concludes that Plaintiff has not placed the documents "at issue" by the filing by Plaintiff of this lawsuit.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In 1977, the Defendant leased certain property to the City of Tulsa for 50 years. Plaintiff and Defendant, in 1983, entered a purchase agreement. Plaintiff purchased a refinery from Defendant. The purchase included the property which was previously leased to the City, and the purchase was made subject to lease to the City.

In 1989, Plaintiff gave permission to the City of Tulsa to install a sanitary sewer line through the leased property. Sometime in 1991, during process of installing the sewer line, the contractor for the City of Tulsa discovered some buried drums on the property. An environmental crew was hired to remove the drums. The supervisor of that environmental crew, Gary Medlin, was injured on October 1, 1991.

In 1993, Gary Medlin sued Plaintiff and Defendant in Tulsa County state court. The Tulsa County District Court granted summary judgment in favor of Texaco (the Defendant in this action) and against Medlin. The lawsuit proceeded with Medlin's claims against Sinclair (the Plaintiff in this action). Sinclair and Medlin eventually settled the state court litigation.

Following the settlement of the state court matter, Plaintiff sued Defendant in federal district court. Plaintiff sued claiming breach of contract, common law and statutory indemnification, and breach of implied covenant of good faith. Plaintiff additionally requested declaratory judgment.

Defendant filed this Motion to Compel requesting that the Court order Plaintiff to produce documents which Plaintiff claims are protected by either the attorney client privilege or the work product doctrine. Defendant claims that Plaintiff has waived the privilege and the doctrine or that Plaintiff has placed the documents "at issue."

## II. WAIVER ISSUES

Defendant initially claims that Plaintiff has waived the attorney client privilege and the work product doctrine due to Plaintiff's selective disclosure of documents. Defendant notes that Plaintiff produced some privileged and work product documents to Defendant and that the production of some but not all documents leads to a complete waiver of the attorney client privilege and the work product doctrine. Plaintiff acknowledges that some documents were produced to Plaintiff which were in the files of Plaintiff's attorney in the state court action, Randolph Jones. Plaintiff however, characterizes the documents which were produced to Defendant as containing solely factual information. Plaintiff disagrees with Defendant that any documents were produced which are protected by the attorney client privilege or the work product doctrine, and therefore denies that any waiver occurred.

Two separate waiver issues are presented to the Court. Plaintiff's privilege log cites both the attorney client privilege and the work product doctrine as a basis for withholding production of certain documents. Defendant asserts that Plaintiff has waived both the attorney client and the work product privilege. The Court will address each of these issues separately.

### THE ATTORNEY CLIENT PRIVILEGE

The parties agree that Oklahoma state law controls the issue of privilege. *See* Fed. R.Evid. 501 ("[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State or political subdivision thereof shall be determined in accordance with State law."). Oklahoma has a statute outlining the attorney client privilege.

A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:

1. Between himself or his representative and his attorney or his attorney's representative.

12 O.S.2001, § 2502(B).

A Plaintiff usually has the burden of proof to show that a privilege does apply, and that documents are protected from production. Under the unique circumstance in which Defendant presents this argument,

Plaintiff claims that the documents which have been produced by Plaintiff are not subject to the privilege and are not covered by the statute. Defendant is the party asserting that the Oklahoma privilege law applies to the documents which were produced by Plaintiff. Oklahoma law would suggest that Defendant has the burden of establishing that the documents which were produced are covered by the statute. *See, e.g., Hurt v. State,* 303 P.2d 476 (Okla.Ct.Crim.App.1956).

Certainly, a Court cannot countenance the selective production of otherwise privileged documents by a Plaintiff. The risk is obvious. A Plaintiff could choose to produce documents which are otherwise protected by the privilege which were beneficial to Plaintiff's case but would decline to produce privileged documents which might benefit the Defendant. To prevent such injustices, Courts have routinely held that the selective disclosure of otherwise privileged documents results in a waiver of the privilege.

■ In this case, the parties have a fundamental disagreement. Although both parties agree that certain documents were produced, Plaintiff asserts that the documents which were produced are not protected by any privilege. Plaintiff argues that these documents, although in some instances located in the attorneys files, are merely factual documents which were, in some cases, transmitted by the attorney to the client. Plaintiff asserts that these documents contain no attorney client privileged information because the documents relate only factual information. Plaintiff maintains that any documents which provided attorney advice to the client were not produced.

■ Plaintiff maintains that some of the documents which were sent by Plaintiff's prior attorney to Plaintiff but which communicated purely "factual information" are not attorney client communications. The Court disagrees. The Court understands, in principle, the distinction which Plaintiff's counsel is attempting to draw. And, in some respects, the Court applauds Plaintiff's counsel's efforts at attempting to provide as much factual information to Defendant in discovery as possible. However, factual information which is communicated by an attorney to a client within the context of the attorney client relationship is protected by the attorney client privilege.

■ Factual information cannot be given "privileged" status merely because an attorney communicated the facts to the client or because the client communicated the facts to the attorney. For example, providing preexisting documents to an attorney does not thereby render the documents protected by the attorney client privilege. *See Gould, Inc. v. Mitsui Mining & Smelting Co.,* 825 F.2d 676 (2nd Cir.1987). The mere act of copying an attorney in a communication between nonattorneys does not protect the communications between the nonattorneys. *See, e.g., United States Postal Serv. v. Phelps Dodge Ref. Corp.,* 852 F.Supp. 156, 160 (E.D.N.Y.1994). However, communications between the attorney and the client, even when the parties are discussing factual information, are protected by the attorney client privilege. The factual information discussed by the attorney and the client is discoverable, but the Court will generally not permit a party to inquire into the nature of the communications made between the attorney and the client, and the Court generally does not permit the deposition of the attorney. Instead, the party conducting discovery is permitted to depose witnesses (including the client), and review documents which are available to both the parties and the attorneys but which do not constitute the communications between the client and the attorney.

■ Plaintiff acknowledges that some of the documents produced to Defendant involved documents which were transmittals by Plaintiff's attorney to Plaintiff. To the extent that these communications, although containing primarily factual content, were communications between the attorney and the client the Court finds that they were protected by the attorney client privilege. Plaintiff has therefore voluntarily waived the attorney client privilege. The Court is unwilling, however, to construe Plaintiff's waiver as a blanket or complete waiver of the attorney client privilege in this lawsuit. The Court's understanding of the nature of the documents which were produced to Plaintiff,

is that the documents were limited to the files of attorney Randolph Jones, who represented Plaintiff in the prior state court lawsuit. In addition, those cases discussing waiver of the attorney client privilege discuss "subject matter waiver." The Court therefore finds that Plaintiff has waived the attorney client privilege with respect all attorney client communications in the prior state court lawsuit.

### THE WORK PRODUCT PRIVILEGE

In federal courts, work product issues are governed, even in diversity cases, by a uniform federal standard embodied in Rule 26(b)(3). *Frontier Refining Inc. v. Gorman–Rupp Co., Inc.*, 136 F.3d 695, 702 n. 10 (10th Cir.1998). The Federal Rules of Civil Procedure define "work product" protection with the following language:

[A] party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for the trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theo-

ries of an attorney or other representative of a party concerning the litigation.

Fed.R.Civ.P. 26(b)(3).

Plaintiff and Defendant in this lawsuit do not always clearly articulate the differences between the attorney client and work product privileges. Plaintiff seems to suggest that all documents were produced that contained factual information, but that any specifics which gave legal advice to Plaintiff by Plaintiff's attorney or which conveyed Plaintiff's attorney's mental impressions were withheld. Plaintiff states that Plaintiff views the factual information as not constituting attorney work product. The Court disagrees. Plaintiff describes the documents as containing attorney Randolph Jones' recitation of interviews he had with potential witnesses, and summaries of newspaper articles. To the extent that an attorney interviews a witness and translates that interview into a written document, the written document certainly contains the attorney's mental impressions and factual recount of the interview with the witness. This type of a document is clearly attorney work product.[1]

The Court therefore rejects Plaintiff's argument that the information produced is not attorney work product. Defendant maintains that by producing some attorney work product information Plaintiff has necessarily waived any claim to any protection of any work product information. The majority of the cases discussed by Defendant primarily reference the attorney client privilege.[2] Courts, in discussing the work product doc-

---

1. *See also* Fed R. Civ P. 26(b)(3) Advisory Committee Note, 48 F.R.D. 487, 502 (1970). "The Hickman opinion drew special attention to the need for protecting an attorney against discovery of memoranda prepared from recollection of oral interviews. The courts have steadfastly safeguarded against disclosure of lawyers' mental impressions and legal theories, as well as mental impressions and subjective evaluations of investigators and claim-agents."

2. Defendant does refer the Court to one unpublished Tenth Circuit Court of Appeals case. *Quark, Inc. v. Harley*, 141 F.3d 1185, 1998 WL 161035 (10th Cir.1998). "At issue are interview notes and memoranda prepared in connection with Quark attorneys' interviews of Quark employees in the Zues case, as well as the trial

testimony of Quark attorneys regarding these materials." *Id.* at *2. The Court reviewed the trial court's finding that the privilege and doctrine had been waived based on an abuse of discretion standard. The Court of Appeals concluded that the trial court's decision could be affirmed because selective disclosure occurred when the opposing party was allowed access to the file "without restrictions." *Id.* at *2. "Quark fails to adequately address the district court's finding that Quark had previously allowed Harley unrestricted access to the Zeus litigation file. This unchallenged finding, standing alone, is sufficient to support the district court's conclusion that Quark had waived the attorney client privilege and the protections of the work product doctrine." *Id.* * 3.

trine traditionally find two different types of work product. A distinction is made between "ordinary work product" and opinion work product.

 Ordinary work product generally refers to materials that are gathered at the request of an attorney in anticipation of litigation. This type of work product receives less protection than opinion work product. Opinion work product is, basically, the mental impressions of the attorney. The Supreme Court recognized the need for protecting the attorneys mental processes in *Hickman v. Taylor*, 329 U.S. 495, 510—513, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

> Were [an attorney's 'statements, memoranda, correspondence, briefs, mental impressions, personal beliefs'] open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had.

> \* \* \* \* \* \*

> But as to oral statements made by witnesses to Fortenbaugh, whether presently in the form of his mental impressions or memoranda, we do not believe that any showing of necessity can be made under the circumstances of this case so as to justify production. Under ordinary conditions, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness. No legitimate purpose is served by such production. The practice forces the attorney to testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks. Such testimony could not qualify as evidence; and to use it for impeachment or corroborative purposes would make the attorney much less an officer of the court and much more an ordinary witness. The standards of the profession would thereby suffer.

> Denial of production of this nature does not mean that any material, non-privileged facts can be hidden from the petitioner in this case. He need not be unduly hindered in the preparation of his case, in the discovery of facts or in his anticipation of his opponents' position. Searching interrogatories directed to Fortenbaugh and the tug owners, production of written documents and statements upon a proper showing and direct interviews with the witnesses themselves all serve to reveal the facts in Fortenbaugh's possession to the fullest possible extent consistent with public policy.

*Hickman,* 329 U.S. at 510—513, 67 S.Ct. 385.

Clearly, the documents which Plaintiff produced to Defendant contain some attorney work product documents. The issue therefore is to what degree has Plaintiff waived the work product doctrine with regard to remaining documents by the production of some documents.

Plaintiff maintains that Plaintiff has produced to Defendant all documents that contain any factual information—regardless of the source of that factual information. Therefore, if Plaintiff's attorney recited facts, those facts, although "written" by Plaintiff's attorney were produced to Defendant. Plaintiff requests that the work product doctrine be extended to protect only those attorney impressions with regard to the lawsuit or specific advice to Plaintiff's client with regard to the lawsuit.[3] The remaining issue for the Court, therefore, is to what degree the pro-

---

3. Advice by an attorney to a client is also protected by the attorney client privilege. As discussed above, the Court has found that Plaintiff has waived the attorney client privilege. However, Plaintiff has separately asserted the work product doctrine. The work product doctrine applies to the specific advice and mental impressions communicated to Plaintiff's client made in anticipation of litigation. The advice and mental impressions were communicated to Plaintiff's client in anticipation of the then pending state court litigation.

duction of the documents by Plaintiff to Defendant constitutes a waiver of the attorney work product protections with regard to the remaining documents.

Although the parties have generally discussed whether the work product privilege applies to the documents which were produced, very little discussion has been devoted to waiver issues specific to the work product doctrine. Plaintiff appears to have drawn a distinction between factual information contained in the attorneys' file whether or not drafted by the attorney. Defendant, and the Courts, draw no distinction. Plaintiff has presented no argument to support a limited waiver of the work product privilege. Even if the Court were to attempt to draw a distinction between opinion work product and ordinary work product, as discussed above, Plaintiff has produced opinion work product to Defendant. Of the court cases reviewed by the Court, generally, the courts have found that a party that produces work product documents waives the work product doctrine with regard to the subject matter of the documents produces.[4] Plaintiff has produced work product documents only with respect to the state court litigation. The Court therefore finds that Plaintiff has waived the work product doctrine with respect to documents created or produced during the state court litigation and related to that litigation.

Plaintiff's position has consistently been that Plaintiff did not produce any documents which were protected by either the attorney client privilege or the attorney work product doctrine. Plaintiff has made no arguments to suggest that the Court could find a waiver of the attorney client or work product doctrine that is more limited than the subject matter of the state court litigation. If Plaintiff locates authority to support the finding that Plaintiff's actions actually constitute a more limited waiver of the applicable privileges and doctrines, Plaintiff may file a motion to reconsider.

**4.** See, e.g., United States v. Martin Marietta Corp., 886 F.Supp. 1243, 1252 (D.Md.1995).

**5.** In Frontier Ref., Inc. v. Gorman Rupp Co., 136 F.3d 695, 699 (10th Cir.1998), the Tenth Circuit

## III. "AT ISSUE"

 Defendant additionally asserts that Plaintiff has placed the documents which Defendant seeks in discovery "at issue" by Plaintiff's claim for indemnification and Plaintiff's claim that Defendant acted in bad faith. The Court has already found that Plaintiff has waived the applicable privileges with regard to the documents in the state court litigation, therefore the documents which Defendant seeks will be produced because Plaintiff has waived the privilege. However, the Court finds that Plaintiff has not placed the documents "at issue."

 Three factors are consistently applied by the courts in evaluating whether or not a party has waived an otherwise applicable privilege through some affirmative act.

1. Whether the assertion of the privilege is the result of some affirmative act, such as filing suit or asserting an affirmative defense, by the asserting party.

2. Whether the asserting party, through the affirmative act, put the protected information at issue by making it relevant to the case.

3. If the privilege was applied, would it deny the opposing party access to information that was vital to the opposing parties defense.

See Hearn v. Rhay, 68 F.R.D. 574, 580 (E.D.Wash.1975).[5]

Neither Plaintiff's prima facie case for indemnity nor Plaintiff's prima facie case for good faith requires the production of the documents in the state court litigation. It may be easier for Defendant to defend against Plaintiff's case or establish Defendant's defense if Defendant has access to documents which are otherwise protected by attorney client or work product privileges. However, this is often true. The Court will not compel the discovery of otherwise privileged documents simply to permit a party to

Court of Appeals favorably discussed Hearn in attempting to construe applicable Wyoming privilege laws.

more easily prove the elements of his cause of action.

IT IS SO ORDERED.